■ MILLWORTH CONVERTING CORPORATION, Respondent, v. JOSEPH SLIFKA et al., Individually and as Partners Doing Business as SLIFKA FABRICS, Appellants.— Judgment unanimously reversed on the law and on the facts and a new trial is granted on the limited issues of (1) damages which plaintiff may have suffered in the misappropriation of the 25,000 yards of goods printed with plaintiff's design pattern by Highland Textile Printers, Inc., and (2) the liability for, and damages which may have been sustained as a result of, Dartmouth Printing Works printing plaintiff's design on the additional goods, with costs to abide the event, unless both parties stipulate to reduce the verdict to $3,800, in which event the judgment is modified accordingly, and, as so modified, affirmed, without costs. This amount is computed on the basis of prospective profit, over cost, of 16 cents per yard on approximately 25,000 yards of plain-

tiff's material appropriated by defendants. The verdict establishes that plaintiff has a cause of action against defendant which has not been released. Although the charge to the jury displayed a full grasp by the Trial Justice of the complicated issues presented upon the trial, we believe that the competent evidence as to plaintiff's damages was insufficient to sustain the jury's determination. Counsel for both sides failed to define clearly their claims as to the issue of damages or to submit satisfactory proof in support of such claims. Nor can we tell from the general verdict whether the jury assessed damages upon the basis of both the printings from Highland and Dartmouth, or on just one of those transactions. If the Dartmouth printings entered into the jury's determination of damages, then neither the theory upon which such damages were claimed nor the proof thereof may be sustained on this record. It is just possible that these deficiencies may be remedied upon a new trial. Nor can we ascertain to what extent the jury may or may not have considered the $5,000 paid to Schwartz and Kell, as in mitigation of damages, although not constituting a release of defendants. Settle order. Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.